# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHARON KATHRYN BECK,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　Respondents. | Case No. 3:19-cv-00092-LRH-WGC<br><br>**ORDER** |

 Before the court is a petition for a writ of habeas corpus filed by Kathryn Sharon Mattos on behalf of Sharon Kathryn Beck. The Public Guardian of Riverside County, California, petitioned the Superior Court of California, Riverside County, for a temporary conservatorship of Beck with powers to make decisions regarding treatment and medication under Cal. Probate Code §§ 2355 and 2356.5(c). The public guardian also wanted the superior court to suspend any and all powers of attorney held by Mattos, who is Beck's daughter. The superior court granted that petition. Mattos wants this court to vacate the conservatorship.

 Multiple problems exist with the petition, and the court dismisses this action.

 First, the United States District Court for the District of Nevada is not the correct venue for this action. Mattos has filed a motion to change the venue to this court, which the court denies. Beck was in Riverside County when the superior court established a temporary conservatorship. She might be in San Bernardino County now. Respondents all are in Riverside County or San Bernardino County. If any federal court could consider this claim, then it would be the United States District Court for the Central District of California.

1

The court will not transfer this action to the Central District of California. The court dismisses this action because any federal court would need to abstain from considering Mattos' claims.

Federal courts should abstain from intervening in pending state criminal proceedings unless there are the extraordinary circumstances of a great and immediate danger of irreparable harm. Younger v. Harris, 401 U.S. 37, 45-46 (1971). This principle has extended to some state-court civil proceedings. Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987); Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Younger abstention is appropriate when state proceedings of a judicial nature: (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to raise federal questions. Middlesex County Ethics Comm'n, 457 U.S. at 432.

All three factors are in favor of abstention. First, the California Superior Court retains continuing jurisdiction over the conservatorship of Beck. Second, assigning the ability to make medical decision on behalf of a person who cannot make those decisions herself is undoubtedly an important state interest. Third, Mattos can raise the federal questions in state court. According to documents attached to the petition, she has tried. The state courts have rejected her filings because she is trying to litigate on Beck's behalf even though she is not an attorney. The court thus finds that abstention is appropriate, and the court will dismiss this action.

Mattos has filed a motion for temporary power of attorney (ECF No. 3), motion to remove Riverside County Public Guardian (ECF No. 4), and an ex parte motion for emergency relief (ECF No. 5).[1] The court denies these motions because the court is abstaining from considering Mattos' claims.

The court sets aside for the moment whether Mattos may litigate a next-friend petition on Beck's behalf. See 28 U.S.C. § 2242, ¶ 1. See also Whitmore v. Arkansas, 495 U.S. 149, 163-64 (1990), Massie ex rel. Kroll v. Woodford, 244 F.3d 1192, 1194 (9th Cir. 2001). The court also sets aside for the moment whether Mattos may litigate pro se on Beck's behalf. See Russell v.

---

[1] These motions are one document that the clerk has docketed separately.

United States, 308 F.2d 78, 79 (9th Cir. 1962). See also McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). The court is dismissing the action for other reasons.

To the extent that a certificate of appealability is necessary, reasonable jurists would not find the court's conclusions to be debatable or wrong. The court will not issue a certificate of appealability.

IT THEREFORE IS ORDERED that the application to proceed in district court without prepaying fees or costs (ECF No. 1) is **DENIED**.

IT FURTHER IS ORDERED that the clerk of the court file the petition for a writ of habeas corpus.

IT FURTHER IS ORDERED that the clerk of the court file the motion for change of venue

IT FURTHER IS ORDERED that the motion for change of venue is **DENIED**.

IT FURTHER IS ORDERED that the motion for temporary power of attorney (ECF No. 3) is **DENIED**.

IT FURTHER IS ORDERED that the motion to remove Riverside County Public Guardian (ECF No. 4) is **DENIED**.

IT FURTHER IS ORDERED that the ex parte motion for emergency relief (ECF No. 5) is **DENIED**.

IT FURTHER IS ORDERED that this action is **DISMISSED**. The clerk of the court shall enter judgment accordingly and close this action.

IT FURTHER IS ORDERED that a certificate of appealability will not issue.

DATED this 9th day of April, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE